## COURT OF APPEALS.

Bowers, respondent agt. Tallmadge, appellant.

Where the return to an appeal served on tho respondent is imperfect, his remedy must be sought by a special motion to the court. Rule 7, which allows the entry of a common order dismissing the appeal, applies only to cases where there is an entire omission to serve a copy of the return within proper time.

*December Term*, 1860.

Motion to set aside an *ex parte* order dismissing an appeal. The appeal was taken April 12, 1860. Printed copies of the case were served upon the respondent's attorney May 18, 1860. On the 28th May, 1860, the respondent's attorney served the notice under rule 7, requiring service of a copy of the return. The defect in the return before served was the omission of copies of the opinions delivered in the court below at the special and general terms. The appellant's attorney having an allowance of additional time to serve the case, thereupon procured and served copies of the opinions, but the respondent's attorney conceiving that

the case could not be served in fragments, after the expiration of the time limited by the rule, entered an *ex parte* order, dismissing the appeal. The respondent now moves to set aside the order.

RICHARD GOODMAN, *for the motion.*
AMASA J. PARKER, *opposed.*

The COURT granted the motion, stating that the practice was well settled, that where an imperfect case has been served, and the respondent desires that it should be amended, he must apply to the court by motion upon notice; and that he was at liberty to dismiss the appeal by *ex parte* order, under rule 7, only where there was a total failure to serve any case within the time required.